UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


**COMPLETE BUSINESS SOLUTIONS GROUP, INC.**
**(A/K/A: "FAST ADVANCE FUNDING")**
        Plaintiffs,

vs.

**NEW HORIZONS MANAGEMENT COMPANY, LLC**

**NEW HORIZONS CUSTODIAL FUNDING, LLC**

**NH ACQUISITION CORPORATION**

**NH ACQUISITION BUSINESS TRUST**

**LEGAL COUNSEL PLANS CHARTERED**
**(D/B/A "Legal Counsel Plans, Inc.)**

**LEGALCARE$^{sm}$ TRUST COMPANY**

**SOLACE EQUITY FINANCE, LLC**

**FORD RESOURCE GROUP, INC.**           CIVIL COMPLAINT

**ALFONSO E. OVIEDO-REYES, ESQ.**      Docket No.: 2017-cv-

**BARBARA ROUSSIN**

**EDWARD GREGORY STEADMAN**

**SANJIV S. MATTA**

**LORI D. FORD**
              Defendants,

Plaintiff, Complete Business Solutions Group, Inc., by and through its undersigned attorneys hereby bring the following actions against all named Defendants. The following causes of action all are related to the Defendants' conspiring to deny Plaintiff access to purchased receivable through a scheme they labeled as the "Swiss Debt Pushdown Acquisition Structure"

wherein, for a substantial fee, an individual or business entity can shed or reduce its debt obligations through the transference of business assets to an acquiring company which is owned by a Florida Trust with the remaining company allegedly to receive some financing from an associated company to partially meet its financial obligations.    The individual Defendant formed many sham business entities with the sole purpose of confusing or obfuscating the whereabouts of Plaintiff's purchased assets.

**PARTIES:**

1.      Plaintiff, Complete Business Solutions Group, Inc., (herein referred to in the alternative as "CBSG") is a business corporation formed and operating under the laws of the State of Delaware with its primary business operations being located at 141 N. 2nd Street, Philadelphia, Pennsylvania 19104.

2.      Defendant, New Horizons Management Company, LLC is a limited liability company formed and operating under the laws of the State of Florida with its primary business location being 9900 W. Sample Road, Suite 300 Coral Springs, FL  33065.    Said business entity was formed in Florida on January 10, 2017 with Defendant Edward "Greg" Steadman "Trustee" listed as the registered agent and New Horizon Management Partners listed as the Manager.

3.      Defendant, New Horizons Custodial Funding, LLC is a limited liability company formed and operating under the laws of the State of Florida with its primary business location being 9900 W. Sample Road, Suite 300 Coral Springs, FL  33065.

4.      Defendant, NH Acquisition Corporation is a business corporation formed and operating under the laws of the State of Florida with its primary business location being 9900 W. Sample Road, Suite 300 Coral Springs, FL  33065.    Said business entity was formed in Florida on December 1, 2016 with Defendant New Horizons Management Company, LLC listed as the Manager (although this entity is a corporation). (See **Exhibit "J"** for articles of Incorp.)

5.	Defendant, NH Acquisition Business Trust is a Florida Trust formed on or about January 25, 2017 and is operating under the laws of the State of Florida with its primary business location being 9900 W. Sample Road, Suite 300 Coral Springs, FL 33065 with Defendant New Horizons Management Company, LLC, listed as its registered agent in care of its Manager, Defendant Edward Gregory Steadman and with Defendants Barbara Roussin, Sanjiv Matta, as well as Jessica Jacucci listed as Trustees thereof. (See **Exhibit "I"** for the Declaration of said Trust). Further, in its Declaration of Trust, said Trust lists its holding as: Defendants Solace Equity Finance, LLC, New Horizons Management Company, LLC, NH Acquisition Corporation, and New Horizons Equity Funding, LLC.

6.	Defendant, Legal Counsel Plans Chartered (D/B/A Legal Counsel Plans, Inc.) is a Florida business corporation formed on or about January 6, 2016 and is operating under the laws of the State of Florida with its primary business location being 8370 W. Flagler Street, Suite 110, Miami, FL 33144 with Defendant, Alfonso E. Oviedo-Reyes, Esq. being its President and Sanjiv "Sonny" Matta (who on information and belief is not a member of any Bar) as its Vice President. The stationary used in connections with this business entity refers to it (incorrectly) at Legal Counsel Plans, Inc.  <u>This Defendant has a facsimile number of (954) 825-0459 [one number higher than Defendants LegalCare$^{tm}$ Trust Company's and Solace Equity Finance's, and the telephone number Defendant Steadman gives for New Horizons, Custodial Funding, LLC]</u>.

7.	Defendant, LegalCare$^{sm}$ Trust Company is a business corporation formed February 6, 2017 in the District of Columbia, with Defendant Edward Gregory Steadman listed as its Registered Agent and the "Governors" of said company being Defendant, NH Acquisition Business Trust, with the business address being 1629 K Street, N.W. Suite 300, Washington, DC 20006., <u>This Defendant has a facsimile number of (954) 825-0458 [one number lower than Defendant Legal Counsel Plans Chartered's facsimile number and the same as the telephone</u>

3

number Defendant Steadman gives for New Horizons, Custodial Funding, LLC].

8.    Defendant, Solace Equity Finance, LLC is a business corporation formed and operating under the laws of the State of Florida with its primary business location being 9900 W. Sample Road, Suite 300 Coral Springs, FL  33065.   Said business entity was formed in Florida on October 24, 2016 with Defendant New Horizons Management Company, LLC listed as the Registered Agent.   This Defendant has a telephone number of (954) 825-0458 [one number lower than Legal Counsel Plans Chartered's facsimile number and the same as the telephone number Defendant Steadman gives for New Horizons, Custodial Funding, LLC].

9.    Plaintiff avers that all of the aforementioned Defendant business corporations failed to abide by the corporate formalities, possessed comingled assets, liabilities and purposes to the extent that they were mere alter ego of their owners, officers and principals.

10.   Defendant, Alfonso E. Oviedo-Reyes, Esq.  is an individual, citizen and resident of the State of Florida with his primary place of employment being located at 8370 W. Flagler Street, Suite 110, Miami, FL  33144.

11.   Defendant Edward Gregory Steadman, is an individual, citizen and resident of the State of Florida with his primary place of employment being located at 9900 W. Sample Road, Suite 300 Coral Springs, FL  33065.

12.   Defendant Sanjiv S. ("Sonny") Matta, is an individual, citizen and resident of the State of Florida with his primary place of employment being located at 9900 W. Sample Road, Suite 300 Coral Springs, FL  33065.    Although listed as a Vice President in the Defendant, Legal Counsel Plans Chartered (held out as a chartered Law Firm) on information and belief, he is not a member of the Florida, or any Bar.

13.   Defendant Barbara Roussin, is an individual, citizen and resident of the State of Florida with his primary place of employment being located at 9900 W. Sample Road, Suite 300 Coral

Springs, FL 33065.

14. Defendants, New Horizons Management Company, LLC, New Horizons Custodial Funding, LLC, NH Acquisition Corporation, NH Acquisition Business Trust, Legal Counsel Plans Chartered, Solace Equity Finance, LLC, LegalCare™Trust Company, Edward Gregory Steadman, Barbara Roussin, Sanjiv S. Matte, and Alfonso E. Oviedo-Reyes, Esq. shall hereafter be referred collectively as **the "Florida Defendants"** as they acted in concert in many instances.

15. Defendant, Ford Resource Group, Inc., is a business corporation formed and operating under the laws of the Commonwealth of Virginia with its primary business location being 2808 Valley Springs Road, Powhatan, VA 23139.   However, on information and belief, Plaintiffs aver that said entity may now have be "re-incorporated" in the State of Florida.

16. Defendant, Lori D. Ford is an individual, resident and citizen of the Commonwealth of Virginia at all times relevant to this Complaint, residing at 2808 Valley Springs Road, Powhatan, VA 23139.

**JURISDICTION and VENUE**

17. Venue is in the Eastern District of Pennsylvania pursuant to 28 USC § 1719, due to the Defendants knowingly transacting business within this District and knowingly interfering and inserting themselves into written contracts between Plaintiff and Merchants in which this venue and the jurisdiction of the Courts of this District are explicitly and solely provided.    Defendants Lori D. Ford and Ford Resource Group, Inc. specifically consented and agreed to exclusive jurisdiction and venue in this District (See Exhibit "A" attached herewith).

18. This Court also has pendant and supplemental jurisdiction over various claims pursuant to 28 U.S.C. §1367.

19. This Court has original jurisdiction over this civil action pursuant to 28 U.S.C. §1332, as the amount in controversy exceeds the sum of $75,000 exclusive of interest and costs and is between citizens or parties of different states.

**FACTS:**

20. Plaintiff, Complete Business Solutions Group, Inc. is engaged in a segment of the factoring industry often referred to as the Merchant Cash Advance business, wherein CBSG purchases future accounts receivable from businesses (hereinafter referred to as "Merchants"). These receivables are purchased at a discount and said receivables are later retrieved by CBSG through ACH withdraws from the Merchant's designated bank account on a set time table.

21. The Agreements between CBSG and the Merchant setting the purchase price, the amount of receivables purchased and the receivable retrieval time table are contained in a written agreement between CBSG and the Merchant referred to as the Factoring Agreement.

22. The transactions taking place through these Factoring Agreements are the Purchase and Sale of receivables and are governed under the terms of Article 9 of the U.C.C.

23. <u>All Factoring Agreements entered into between Plaintiff and Merchants specifically grant Pennsylvania exclusive jurisdiction and venue</u> for any dispute and further designate the sole application of Pennsylvania law to any dispute between the parties to said Agreement.

**PATHMARK H.R**.

24. On or about early February, a Merchant with whom Plaintiff had a longstanding relationship with multiple Factoring Agreement, Pathmark H.R., an Ohio corporation, contacted Plaintiff with an officer of said Merchant explaining through some sort of merger of his business with a Florida business, a new entity would carry the obligation to Plaintiff.

25. Plaintiff did uncover the fact that Pathmark HR was re-incorporated in Florida under the

same name.

26. After some discussion with the owners of Pathmark HR., Plaintiff was able to get Pathmark HR. directly back on track in meeting its obligations to Plaintiff without any involvement of any Defendant.

**FORD RESOURCE GROUP, INC.**

27. On or about October 4, 2016, Plaintiff, entered into a Factoring Agreement with Ford Resource Group, Inc. whereby Plaintiff purchased future receivables of Ford Resource Group, Inc. in accordance with the terms of Agreements attached herewith as **Exhibit "A".**

28. In the aforementioned Agreement, Plaintiff purchased $355,000.00 in future receivables from Ford Resource Group, Inc.

29. Individual Defendant, Lori D. Ford knowingly and voluntarily agreed to act as guarantor for these Agreements (See Exhibits "A").

30. On or about March 8, 2017, Defendant Ford Resource Group, Inc. ceased allowing Plaintiff to retrieve its share of said Defendant's cash receivables and presently Plaintiff has **$219,361.91** in purchased receivables due for collection from said Defendant. (See **Exhibit "B"**)

31. On or about March 10, 2017, Defendant, Lori Ford sent an email to Plaintiff stating that Defendant Ford Resource Group, Inc. had merged "Out of Virginia and into a Florida Partnership (Ford Resource Partners) and to contact her Florida attorney, Defendant Oviedo-Reyes and working out a compromise regarding their Factoring Agreement (See **Exhibit "C"**).

32. On further investigation, Plaintiff has determined that Defendant, Lori Ford has actively transferred assets from Defendant Ford Resource Group, Inc. into a Virginia business corporation which which owns and controls either wholly or with her husband.

**PROFORMANCE APPAREL CO**RP.

33.     .On or about late February, 2017, Proformance Apparel Corporation, a company with which Plaintiff conducts business, was contact by Defendant Edward Gregory Steadman with the offer of debt relief through the so called "Swiss Debt Pushdown Acquisition Structure" wherein Steadman describes the process as: Setting up a new company which will assume all of the liabilities of the target company; provide financing in order to resolve the creditor claims against the first company, and then provide working capital to company (**See Exhibit "D"**).

34.     In his two emails to this Merchant, Steadman attached documents from the various business entities including but not limited to Solace Equity Finance, LLC, Legal Counsel Plans Chartered, LegalCare Solutions while identifying himself a being with New Horizons Custodial Funding, LLC. (See **Exhibits "D"** and "**G**").

35.     In the aforementioned emails, Defendant Steadman, attached a letter from Defendant Oviedo-Reyes concerning legal representation, with no direct communication from said attorney (Oviedo-Reyes).

36.     Defendant Steadman sent this Merchant the documents attached to this Complaint as Exhibit "E" through "F" in the two emails dated February 27, and March 9, 2017.

37.     The services offered by Steadman through the various business entities were essentially a debt workout service and depended upon upfront fees.

38.     The services offered by Steadman constituted the unlicensed practice of law.

39.     Defendant Steadman knowingly or negligently misled Merchant on the risks and potential costs of entering into said transactions as he failed to discuss damage to credit scores and legal action likely to occur.

40. Defendant Steadman knowingly or negligently misled Merchant through giving advice which failed to mention successor business liability for obligations or potential fraudulent transfer actions.

41. Defendants, Sanjiv S. Matta, Barbara Roussin, and Alfonso E. Oviedo-Reyes all played an active role to setting up, maintaining, and playing an active role in the sham business entities listed as the Florida Defendants and knowingly assisted Steadman in pursuit of ill-gotten gains.

42. On information and belief, Plaintiff states that Florida Defendants targeted Plaintiff's Merchants through investigating publicly filed UCC-9's Plaintiff filed related to Merchant funding contracts, then targeted said Merchants as potential clients, deluging them with marketing material.

43. Plaintiff states that Defendants make use of the terms "Trust" and "Chartered" liberally in a manner to mislead people as to the services offered through said entities.

44. Plaintiff states that the "Swiss Debt Pushdown Acquisition Structure" is a very specific tool used within the Swiss Federation to lessen the Swiss tax burden for some business transactions and is being used by the Defendants as a meaningless marketing tool.

45. Note that Florida Defendants charged exorbitant "origination fees" for obtaining financing for Merchant (See **Exhibit "H"** page 3) prior to giving Merchant access to even a portion of the alleged financing.

46. Note that Florida Defendants, in their literature make unfounded promises to Merchants that they (Florida Defendant) will be able to simply "Rescind" any debt obligation of Merchant if the creditor does not come to an agreement to reduce said obligation (See **Exhibit "F"** page 2).

47. On information and belief, Defendant Solace Equity Finance, LLC is not a legally registered/licensed lending, finance or investment entity and its activities in these areas are outside the scope of applicable federal and state laws and regulations.

48.     On information and belief, Defendant Legal Counsel Plans Chartered is holding itself out as a law firm while its structure and makeup are entirely outside the parameters set by the Florida Bar or any other state's Bar Association as it has a non-attorney as its Vice President  (Defendant Sanjiv "Sonny" Matta).

49.     Plaintiff avers that all of the Florida Defendants are involved in a common enterprise wherein they shared telephone numbers, offices, and officer.Directors -   the corporate formalities have never been observed and thus the corporate veil should be pierced with regard to all Florida Defendants.

## COUNT I
## TORTIOUS INTERFERENCE WITH BUSINESS RELATIONS
### Directed to All Defendants

50.     Plaintiff incorporates the averments of all preceding paragraphs herein as if set forth at full length.

51.     The entire thrust of the agreements between Merchants(Client's of Plaintiff's) and Defendants is that they (the Merchant) should cease allowing Plaintiff to retrieve monies it has purchased from Merchant – and instead shift said assets to another corporation.

52.     Directly due to Defendants' knowing and calculated interference with CBSG's business arrangements with various Merchants, CBSG has suffered damages in uncollected fees, accumulated fees, attorney's fees, lost revenue and damaged business relations with clients.

        WHEREFORE, Plaintiff requests an entry of judgment in its favor against all named Defendants jointly and severally in the amount exceeding $75,000.00 together with interest, legal fees, and penalties which Plaintiff is due under the Merchant Cash Advance Agreements which Defendants have knowingly interfered and also Court Costs.

## COUNT II
## BREACH OF CONTRACT
**Directed to Defendants Ford Resources Group, Inc. and Lori D. Ford**

53.     Plaintiff incorporates all of the aforementioned averments as if set forth at full length.

54.     Defendants Ford knowingly breached their contractual obligation through denying Plaintiff access to purchased property (accounts receivable), transferring said accounts to another business entity and ceasing the allowance of retrievals of payments for purchased receivables by Plaintiff.

WHEREFORE, Plaintiff requests an entry of judgment in its favor against all named Defendants jointly and severally in the amount exceeding $75,000.00 together with interest, legal fees, and penalties which Plaintiff is due under the Merchant Cash Advance Agreements which Defendants have knowingly interfered and also Court Costs.

## COUNT III
## FRAUDULENT TRANSFER
**Directed to All Defendants**

55.     Plaintiff incorporates all of the aforementioned averments as if set forth at full length.

56.     Defendants conspired to transfer assets, some rightfully the property of Plaintiff, to other business entiies in an attempt to avoid a known financial obligation.

WHEREFORE, Plaintiff requests an entry of judgment in its favor against all named Defendants jointly and severally in the amount exceeding $75,000.00 together with interest, legal fees, and penalties which Plaintiff is due under the Merchant Cash Advance Agreements which Defendants have knowingly interfered and also Court Costs.

## COUNT IV
## UNJUST ENRICHMENT
**Directed to All Defendants**

57.     Plaintiff incorporates all of the aforementioned averments as if set forth at full length.

58.     Defendants have been unjustly enriched through the retention of funds previously purchased by Plaintiff from Merchant through Merchant Cash Advance Agreements.

WHEREFORE, Plaintiff requests an entry of judgment in its favor against all named Defendants jointly and severally in the amount exceeding $75,000.00 together with interest, legal fees, and penalties which Plaintiff is due under the Merchant Cash Advance Agreements which Defendants have retained and also Court Costs.

## COUNT V
## CONVERSION
### Directed to all Defendants

59.     Plaintiff incorporates all of the aforementioned averments as if set forth at full length.

60.     The entire basis of Florida Defendants' business is to take possession and control of monies from Merchants which were legally already the property of Plaintiff as purchased cash receivables.

61.     Defendants Ford knowingly transferred monies purchased by Plaintiff to another business entity in an attempt to retain said monies.

62.     The actions of the individual Defendants were willful, wanton and reckless made with the intention of harming Plaintiff.

63.     Plaintiff seeks treble (punitive) damages against Defendants for the aforementioned conduct.

WHEREFORE, Plaintiff requests an entry of judgment in its favor against all named Defendants jointly and severally in the amount exceeding $75,000.00 together with interest, legal fees, and penalties which Plaintiff is due under the Merchant Cash Advance Agreements which Defendants have knowingly interfered and also Court Costs.

## COUNT VI
## EQUITABLE RELIEF – ACCOUNTING
### Directed to all Defendants

64.     Plaintiff incorporates all of the aforementioned averments as if set forth at full length.

65.     Pursuant to their Agreements with Merchants, Defendants have pooled substantial funds.

66.     Defendants are holding substantial sums of money which is legally the property of Plaintiff as Plaintiff had previously purchased accounts receivable from Defendants' clients.

67.     Plaintiff respectfully requests that this Honorable Court Order a thorough accounting of all funds which have been transferred by any Defendant from any and all Merchants which have Merchant Cash Advance Agreements with Plaintiff.

WHEREFORE, Plaintiff requests an entry of an Order of Accounting for the aforementioned funds, and accounts allegedly set up for the benefit of Merchants which sold accounts receivable to Plaintiff, CBSG.

## COUNT VII
### EQUITABLE RELIEF – PERMANENT INJUNCTION

**Directed to Defendants, New Horizons Management Company, LLC, New Horizons Custodial Funding, LLC, NH Acquisition Corporation, NH Acquisition Business Trust, Legal Counsel Plans Chartered, Solace Equity Finance, LLC, LegalCare$^{tm}$Trust Company, Edward Gregory Steadman, Barbara Roussin, Sanjiv S. Matte, and Alfonso E. Oviedo-Reyes, Esq.**

68.     Plaintiff incorporates all of the aforementioned averments as if set forth at full length.

69.     The aforementioned Defendants have interfered and continue to interfere with Plaintiff's contracts and its customers.

70.     Plaintiff's business is being and will continue to be irreparably harmed by these Defendants' actions.

71.     Plaintiff has no adequate remedy at law to address these Defendants' continuing tortious conduct.

72.     Plaintiff requests a permanent injunction barring these named Defendants or anyone acting on their behalf from soliciting Plaintiff's customers.

Philadelphia, Pennsylvania  
March 14,2017                    Respectfully Submitted,

_____  
Norman M. Valz, Esq.– Attorney for Plaintiff  
Law Office of Norman M. Valz, P.C.  
PA I.D. No. 61338  
434 N. 38th Street  
Philadelphia, PA   19104  
Tel. (215) 756-2424  
Fax (215) 827-5758  
nvalz@msn.com