IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COMPLETE BUSINESS SOLUTIONS. GROUP, INC. | : : : | CIVIL ACTION NO. 17-1133 |
| Plaintiff, | : : | |
| v. | : : | |
| NEW HORIZONS MANAGEMENT COMPANY, LLC, et al. | : : : | |
| Defendants. | : : | |

# O R D E R

**AND NOW**, this **1st** day of **February, 2018**, upon

consideration of Defendants' Motion to Dismiss (ECF No. 19);

Plaintiff's response thereto (ECF No. 20); Defendants' Motion

for Leave to File a Reply (ECF No. 21); and after hearing on the

record with the parties, it is hereby **ORDERED** as follows:

1.    Defendants' Motion to Dismiss (ECF No. 19) is **GRANTED**.[1]

---

[1]        The Amended Complaint sets forth two bases for personal
jurisdiction in this Court over Defendants. First, Plaintiff argues
that, while not signatories to Plaintiff's factoring agreements, the
Defendants are bound by the forum selection clauses in those
agreements, which include consent to personal jurisdiction in this
Court. Second, Plaintiff argues that, because one of the individual
Defendants (Edward Steadman) owns a nonparty company with a nonparty
Pennsylvanian subsidiary, all of the Defendants are subject to
personal jurisdiction in Pennsylvania. A third potential basis for
specific personal jurisdiction in this case is pursuant to the Calder
effects test. However, Plaintiff does not raise the effects test in
the Amended Complaint, although it was in the initial Complaint. In
any event, as explained below, there is no personal jurisdiction under
the effects test on the facts as alleged.

Under Federal Rule of Civil Procedure 4(k), a district court exercises personal jurisdiction over a non-resident defendant according to the law of the state where it sits. See Fed. R. Civ. P. 4(k)(1)(A); O'Connor v. Sandy Lane Hotel Co., Ltd., 496 F.3d 312, 316 (3d Cir. 2007). Therefore, because this Court is in Pennsylvania, the Court determines personal jurisdiction according to Pennsylvania law. The Pennsylvania long-arm statute provides for jurisdiction "based on the most minimum contact with th[e] Commonwealth allowed under the Constitution of the United States." 42 Pa. Cons. Stat. Ann. § 5322(b); Mellon Bank v. Farino, 960 F.2d 1217, 1221 (3d Cir. 1992) (finding that Pennsylvania's long-arm statute is coextensive with the constitutional limits of due process).

Accordingly, a court may exercise personal jurisdiction over a nonresident defendant if the defendant has "certain minimum contacts with [Pennsylvania] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." O'Connor, 496 F.3d at 316 (quoting Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)). Unless the defendant's contacts with the forum are "continuous and systematic," such that the court has general personal jurisdiction over the defendant, those contacts must be specifically related to the present cause of action. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-16 (1984). "Specific personal jurisdiction exists [only] when the defendant has 'purposefully directed his activities at residents of the forum and the litigation results from alleged injuries that arise out of or related to those activities.' " BP Chems. Ltd. v. Formosa Chem. & Fibre Corp., 229 F.3d 254, 259 (3d Cir. 2000) (quoting Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985)). A party can also consent to personal jurisdiction in a court through a forum selection clause. See Ins. Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 704 (1982).

When a defendant moves to dismiss a lawsuit for lack of personal jurisdiction, the plaintiff bears the burden of showing the basis for jurisdiction. Metcalfe v. Renaissance Marine, Inc., 566 F.3d 324, 330 (3d Cir. 2009). When the district court does not hold a hearing, the plaintiff must establish only a prima facie case of personal jurisdiction. O'Connor, 496 F.3d at 316. The plaintiff is entitled to have its allegations taken as true and all factual disputes drawn in its favor. Id.

As a preliminary matter, Plaintiff does not clearly identify whether he is proceeding under specific and/or general

2

jurisdiction theories. Regardless, general jurisdiction could not be met on the facts as alleged. This is because no Defendant is citizen of Pennsylvania, and no corporate Defendant is otherwise "essentially at home" in Pennsylvania. Daimler AG v. Bauman, 134 S. Ct. 746, 751 (2014). Therefore, only specific personal jurisdiction is potentially implicated here.

Plaintiff contends that the Defendants, while not signatories to the factoring agreements, are bound by the forum selection clauses contained therein, which provide consent to personal jurisdiction in this Court. However, on the facts of this case, Defendants are not bound by "the terms of a forum selection clause appearing in agreements to which [they were] not a party and with which [they] had no opportunity to agree or disagree." Steinmetz v. McGraw-Hill Glob. Educ. Holdings, LLC, 220 F. Supp. 3d 596 (2016) (Robreno, J.). For one, finding that Defendants are bound by the forum selection clauses here would run counter to the teachings of the United States Supreme Court.

In Atlantic Marine, the Supreme Court emphasized the parties' agreement to be bound to the forum selection clause:

> When parties have contracted in advance to litigate disputes in a particular forum, courts should not unnecessarily disrupt the parties' settled expectations. A forum-selection clause, after all, may have figured centrally in the parties' negotiations and may have affected how they set monetary and other contractual terms; it may, in fact, have been a critical factor in their agreement to do business together in the first place. In all but the most unusual cases, therefore, "the interest of justice" is served by holding parties to their bargain.

Atl. Marine, 134 S. Ct. at 583.

Here, where the relevant parties to the dispute are Plaintiff and Defendants, the factoring agreements between Plaintiff and nonparty merchants in no way "'represent[] the parties' agreement as to the most proper forum'" because they were never "'bargained for by the parties'" at all. Id. at 581 (quoting Stewart, 487 U.S. at 31, 33 (1988) (Kennedy, J., concurring)). The forum selection clause at issue in this case could not possibly have "been a critical factor in [Plaintiff's and Defendants'] agreement to do business together," id. at 583, because Plaintiff and Defendants never agreed to do business

3

together; Plaintiff may not even have been aware that the forum selection clause existed, let alone bargained for its terms.

Additionally, the facts of this case are distinct from those circumstances where courts have found forum selection clauses to be enforceable against non-signatories. In cases where a nonsignatory has been so bound, the nonsignatory is generally a third-party beneficiary of the agreement containing the forum selection clause, has extensive prior knowledge of the forum selection clause, or is has a substantially close relationship with a signatory. See, e.g., E.I. DuPont de Nemours & Co. v. Rhone Poulenc Fiber & Resin Intermediates, S.A.S., 269 F.3d 187, 195 (3d Cir. 2001) (collecting cases where third party beneficiary nonsignatories have been bound by arbitration clauses); Hugel v. Corp. of Lloyd's, 999 F.2d 206, 209-10 (7th Cir.1993) (holding that corporations owned and controlled by the party signing the contract containing the forum selection clause may be bound by the clause); Radian Guar. Inc. v. Bolen, 18 F. Supp. 3d 635 (E.D. Pa. 2014) (holding new employer was bound by forum selection clause in agreement between employee and former employer where new employer had prior knowledge of forum selection provision and still pursued employee); Synthes, Inc. v. Emerge Med., Inc., 887 F. Supp. 2d 598 (E.D. Pa. 2012) (holding that nonsignatory was bound by forum selection clause where the dispute centered on the interpretation of the agreements containing forum selection clause; nonsignatory had extensive and prior knowledge of forum selection clause; and there were unusually close business relationships between the signatories and non-signatory); LaRoss Partners, LLC v. Contact 911, Inc., 874 F. Supp. 2d 147, 160-61 (E.D.N.Y. July 10, 2012) (finding that where signatory company and nonsignatory company shared officers and directors, agents, and a business address, the parties were closely related for purposes of applying a forum selection clause to the non-signatories); Great N. Ins. Co. v. Constab Polymer-Chemie GmbH & Co., No. Civ. A. 01-882, 2007 WL 2891981, at *8 (N.D.N.Y. Sept. 28, 2007) (finding that insurer-subrogee relationship allows for application of forum selection clause to non-signatory).

Ultimately, "it is clear from these cases that courts considering this question of whether a non-signatory may be bound by a forum selection clause take a common sense, totality of the circumstances approach that essentially inquires into whether, in light of those circumstances, it is fair and reasonable to bind a non-party to the forum selection clause." Synthes, 887 F. Supp. 2d at 607 (internal quotation omitted). Here, no Defendant is a third-party beneficiary of any of the factoring agreements containing a forum

4

selection clause, and no Defendant had extensive prior knowledge of the forum selection clause. Further, no Defendant had a sufficiently close relationship with a signatory, such that it would be fair and reasonable to bind one or more Defendants to the forum selection clause. Therefore, in accordance to the Supreme Court's reasoning in Atlantic Marine, Defendants are not bound by forum selection provisions in Plaintiff's factoring agreements with nonparty merchants.

The second basis that Plaintiff sets forth for personal jurisdiction regards a nonparty company, New Horizons Equity Funding, LLC ("Equity Funding"). Allegedly, Equity Funding is owned by Edward Steadman, an individual defendant in this case, and has a Pennsylvanian subsidiary. See ECF Nos. 20, 3; 20-3, 2. Plaintiff raises this allegation for the first time in its response in opposition to Defendants' Motion to Dismiss. See ECF Nos. 1, 20. Plaintiff contends that the existence of nonparty Equity Funding's Pennsylvanian subsidiary "establishes this Court's jurisdiction over all named Defendants" because the Defendants "all acted in concert and through the various named business entities which all have cross ownership, cross management, shared telephone numbers and office locations making them alter-egos of the [] individual Defendants." ECF No. 20, 4. However, Plaintiff does not explain how this is so.

Instead, Plaintiff generally alleges that "[a]ll individual Defendants [had] personal knowledge and participat[ed] in the concerted efforts described herein or at the very least showed a shocking amount of disdain for this Court in failing to make a minimal inquiry into information readily available to them which could substantiate their Pennsylvania business presence." Id. Plaintiff's alter ego allegations are simply conclusions of law, and under Iqbal and Twombly, legal conclusions do not satisfy a plaintiff's obligation to plead facts supporting the claim. See generally Ashcroft v. Iqbal, 556 U.S. 662 (2009); Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). See also Santiago v. Warminster Twp., 629 F.3d 121, 132 (3d Cir. 2010) ("[M]ere restatements of the elements of [ ] supervisory liability claims [ ] are not entitled to the assumption of truth.").

While a subsidiary's contacts with the forum may be imputed to the principal where the subsidiary is an alter ego of the principal, those contacts must be specifically related to the present cause of action to establish personal jurisdiction. See, e.g. Helicopteros, 466 U.S. at 414-16. Here, Plaintiff does not allege that either nonparty Equity Funding or its nonparty Pennsylvanian

subsidiary took any actions related to this case. Therefore, the
contacts, if any, that Equity Funding or its subsidiary had with
Pennsylvania, are irrelevant to personal jurisdiction in this case.

A third potential basis for specific personal jurisdiction
in this case is pursuant to the effects test as established by the
Supreme Court in Calder v. Jones, 465 U.S. 783 (1984). However,
Plaintiff does not raise the effects test in its amended complaint,
although it did raise it in its initial complaint. In any event, there
is no personal jurisdiction under the effects test on the facts as
alleged.

Under the effects test, specific personal jurisdiction
exists over a defendant if the plaintiff can show that: (1) the
defendant committed an intentional tort; (2) the plaintiff felt the
brunt of the harm in the forum such that the forum can be said to be
the focal point of the harm suffered by the plaintiff as a result of
the tort; and (3) the defendant expressly aimed his tortious conduct
at the forum such that the forum can be said to be the focal point of
the tortious activity. Id. See also IMO Industries, Inc. v. Kiekert
AG, 155 F.3d 254, 265-66 (3d Cir. 1998).

The requirement that the plaintiff demonstrate that the
defendant "expressly aimed its tortious conduct at the forum" is
critical to the effects test. Marten v. Godwin, 499 F.3d 290, 298 (3d
Cir. 2007). "Simply asserting that the defendant knew that the
plaintiff's principal place of business was located in the forum would
be insufficient in itself to meet this requirement. The defendant must
manifest behavior intentionally targeted at and focused on the forum
for Calder to be satisfied." IMO Indus., 155 F.3d at 265. As further
explained by a footnote in IMO Industries, the fact that Y knew that
its competitor W was owned by Pennsylvania company X and that X would
experience the injury caused by a drop in W's value at its
headquarters in Pennsylvania would not by itself be enough to meet X's
burden to show that Y expressly aimed its conduct at Pennsylvania. See
id. at 265 n.8. Similarly, "the state of a plaintiff's residence does
not on its own create jurisdiction over nonresident defendants."
Marten, 499 F.3d at 298 (3d Cir. 2007). Additionally, knowledge of a
forum selection clause, standing alone, is not sufficient to confer
jurisdiction. See Burger King Corp., 471 U.S. at 482 (holding that a
choice of law provision is not determinative of whether the court can
exercise personal jurisdiction over a foreign defendant).

6

2.    Defendants' Motion for Leave to File a Reply (ECF No. 21) is **DENIED as moot.**

AND IT IS SO ORDERED.



EDUARDO C. ROBRENO, J.

---

Under this standard, Plaintiff has not met its burden of proof with respect to the third element of the effects test. Plaintiff's contention is that "Defendants [were] knowingly transacting business within this District and knowingly interfering and inserting themselves into written contracts between Plaintiff and Merchants in which this venue and the jurisdiction of the Courts of this District are explicitly and solely provided." ECF No. 17 ¶ 18. However, Plaintiff does not identify a single instance of "Defendants knowingly transacting business within this District," nor does Plaintiff identify which of the collective "Defendants" allegedly took such actions.

Similarly, Plaintiff does not allege that one or more Defendants "expressly aimed" conduct at Pennsylvania. Further, as explained in the case law, even an allegation that Defendants knew that Plaintiff's headquarters were in Pennsylvania and that the forum selection clauses (between Plaintiff and nonparty merchants) identified Pennsylvania courts as the venue for resolving disputes would be  insufficient to meet the "expressly aimed" standard. Thus, the Defendants did not expressly aim their alleged tortious activity at Pennsylvania, and therefore the Court does not have personal jurisdiction over any of the Defendants based on the Calder effects test.

Because Plaintiff has failed to adequately plead personal jurisdiction as to any Defendant, the Court will grant the Motion to Dismiss due to lack of personal jurisdiction, see Fed. R. Civ. P. 12(b)(2), and does not reach whether Plaintiff has failed to state a claim. See Fed. R. Civ. P. 12(b)(6).

① Case shall be marked CLOSED!